UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARSTAR Franchisor SPV LLC,**

    Plaintiff,

    v.

**Collision Express of Ohio Inc., *et al.*,**

    Defendants.

Civil Action 2:19-cv-3282

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Plaintiff CARSTAR Franchisor SPV LLC ("CARSTAR") was awarded default judgment against Collision Express of Ohio, Inc., d/b/a CARSTAR Alum Creek ("Alum Creek Operating Company"); CARSTAR Columbus, Inc. d/b/a CARSTAR Bexley ("Bexley Operating Company"); and Thomas G. Moore ("Moore") (collectively, "Defendants") for breach of the Franchise Agreement between the parties and also for Defendants' continued use of CARSTAR's trademark in violation of the Lanham Act. *See* Order, ECF No. 21. CARSTAR now moves for an award of attorneys' fees and costs against Defendants, jointly and severally. ECF No. 22.

CARSTAR seeks attorneys' fees pursuant to the Lanham Act. *See* 15 U.S.C. § 1117(a). The Lanham Act permits an award of "reasonable attorney fees to the prevailing party" in exceptional cases. *See* 15 U.S.C. § 1117(a). "'[A]n 'exceptional' case is simply one that stands out from others with respect to

the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.' . . . [d]istrict courts 'determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances.'" *Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 235 (6th Cir. 2019) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). The Sixth Circuit has found that "a case is not exceptional where the trademark infringement was not malicious, willful, fraudulent, or deliberate." *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 505 (6th Cir. 2013) (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1192 (6th Cir. 1997)).

Here, it is undisputed that CARSTAR is the prevailing party after it had default judgment entered in its favor. CARSTAR further argues that Defendants' conduct was willful because Defendants were on notice of their infringing activity yet failed to cease using CARSTAR's mark. Pl.'s Mot. 2, ECF No. 22 (citing *Ohio State Univ. v. Skreened Ltd.*, 16 F. Supp. 3d 905, 920 (S.D. Ohio 2014) ("A defendant can be said to be willful when the defendant has ignored actual notice of ongoing infringing activity."). Defendants also failed to litigate the issue at all.

The Court finds that under these circumstances, this case qualifies as exceptional. *See Goodfellow*, 717 F.3d at 505–06 (upholding the district court's award of attorneys' fees under the Lanham Act when the defendant had actual

notice of the infringing activity yet continued to facilitate the activity and also failed to litigate the issue of liability).  The Court also is satisfied with the reasonableness of CARSTAR's fee request, based upon its representations in its motion, accompanying affidavits, and detailed timesheets.  *See* Exs. A–B, ECF Nos. 22-1, 22-2, 22-3.

Accordingly, the Court hereby **AWARDS** CARSTAR **$ 47,070.81** in attorneys' fees and costs against Defendants, jointly and severally.  The Clerk is **DIRECTED** to enter final judgment and terminate this case.

**IT IS SO ORDERED.**

 */s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**